**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

───────────────────────────────────────────

FAIR HOUSING RIGHTS CENTER    :
IN SOUTHEASTERN PENNSYLVANIA, :
                                  :
             Plaintiff,       :
                                  :
            v.            :  C.A. No: 2:20-cv-02412
                                  :
SJ LOFTS, LLC; STREAMLINE     :
COMMERCIAL CONSTRUCTION LLC :
d/b/a STREAMLINE PHILLY       :
CONSTRUCTION LLC; STREAMLINE  :
CONSTRUCTION MANAGEMENT     :
LIMITED LIABILITY COMPANY;     :
and MICHAEL STILLWELL,       :
                                  :
           Defendants.   :

───────────────────────────────────────────

## FIRST AMENDED COMPLAINT

Plaintiff Fair Housing Right Center in Southeastern Pennsylvania ("FHRC"), by and through undersigned counsel, hereby brings this First Amended Complaint for violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (FHA), against Defendants SJ Lofts, LLC ("SJ Lofts"), Streamline Commercial Construction LLC d/b/a Streamline Philly Construction LLC ("Streamline Construction"), Streamline Construction Management Limited Liability Company ("Streamline Management"), and Michael Stillwell (together with Streamline Construction and Streamline

Management, "Streamline Philly," and collectively with SJ Lofts, "Defendants"), as follows:

## INTRODUCTION

1.     Defendants unlawfully developed and constructed the Michener Lofts, a residential apartment building in Philadelphia, Pennsylvania ("Michener Lofts"), in a way that builds into both individual units and common areas certain barriers to persons with mobility impairments, thereby preventing persons with mobility impairments from residence in, and/or equal and full enjoyment of, Michener Lofts.

2.     Defendants' noncompliant design and construction of Michener Lofts to incorporate features inaccessible to persons with mobility impairments effectively communicates that people with disabilities are not welcome at Michener Lofts.

3.     Defendants' design and construction of Michener Lofts violates the FHA.

4.     FHRC seeks declaratory and injunctive relief, as well as compensatory and punitive damages and other monetary relief, as described below.

**JURISDICTION AND VENUE**

5.      The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and in accordance with 42 U.S.C. § 3613(a).

6.      Venue is proper because: Defendants conduct business and maintain their principal places of business or reside in the Eastern District of Pennsylvania; a substantial part of the events and omissions giving rise to the claims occurred therein; and the property that is the subject of this action is situated in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1391(b).

**PARTIES**

7.      Plaintiff Fair Housing Rights Center in Southeastern Pennsylvania is a nonprofit fair housing agency organized under the laws of Pennsylvania, with its principal place of business at 444 N. 3rd Street, Suite 110, Philadelphia, Pennsylvania 19123.

8.      FHRC's mission is to ensure that all persons in the greater Philadelphia area have equal access to housing opportunities as required by federal and state anti-discrimination laws.

9.      FHRC provides various services to the public in furtherance of this mission, including the investigation of claims of discrimination and monitoring discriminatory housing practices and trends in the region and

offering educational workshops and materials about fair housing rights and responsibilities for home seekers, tenants, housing providers and advertisers.

10.     FHRC uses fair housing testing to uncover evidence of housing discrimination. Testing may include assessment of a property's compliance with federal and state design and construction requirements. The individuals who perform such assessment are known as "testers."

11.     Defendant SJ Lofts, LLC, is a Pennsylvania limited liability company with its principal place of business at 209 Leedom Street, 2nd Floor, Jenkintown, Pennsylvania 19046.

12.     SJ Lofts is, and at all relevant times was, the owner of Michener Lofts, which is located at 1617 Poplar Street, Philadelphia, Pennsylvania 19130.

13.     Defendants Streamline Construction and Streamline Management are Pennsylvania limited liability companies with their principal place of business at 2301 Washington Avenue, Suite 111, Philadelphia, Pennsylvania 19146.

14.     City of Philadelphia property records identify "Streamline Philly Cnstruc LLC" at 2301 Washington Avenue, Ste. 111, Philadelphia, PA 19131, as contractor on the new construction permits for Michener Lofts.

4

15.    Despite the discrepancy in zip codes listed in Pennsylvania Department of State and City of Philadelphia filings, upon information and belief, either Streamline Construction or Streamline Management is the "Streamline Philly Cnstruc LLC" identified in the Michener Lofts permits.

16.    Defendant Michael Stillwell is the Chief Executive Officer of Streamline Philly.

17.    Upon information and belief, Defendant Michael Stillwell was, at all relevant times, a principal in Lion Construction, LLC ("Lion").

18.    Lion was a defendant to the original May 22, 2020 complaint in this action (ECF Doc. 1) ("Complaint").

19.    Other than changes to the names of certain parties-defendant, the claims asserted in this First Amended Complaint arise out of the same conduct, transaction or occurrence described in and giving rise to the Complaint.

20.    Like Streamline Construction and Streamline Management, Lion is a Pennsylvania limited liability company with its principal place of business at 2301 Washington Avenue, Suite 111, Philadelphia, Pennsylvania 19146.[1]

---

[1] Also registered at this address is a fourth Pennsylvania limited liability company named Lion Construction Management, LLC.

21.    City of Philadelphia property records identify "Lion Construction LLC" at 2301 Washington Avenue, Suite 111, Philadelphia, PA 19146, as the contractor on various administrative permits associated with the construction of Michener Lofts.

22.    Lion was timely served with the Complaint and accompanying summons at 2301 Washington Avenue, Suite 111, Philadelphia, Pennsylvania 19146, on June 3, 2020. Doc. 3 (Jun. 18, 2020 Proof of Service).

23.    Based on the above, Streamline Philly received such notice of this action that it will not be prejudiced in defending on the merits.

24.    Based on the above, Streamline Philly knew or should have known that this action would have been brought against it, but for a mistake concerning the proper party's identity.

## PROCEDURAL HISTORY RELEVANT TO AMENDMENT

25.    Lion answered the Complaint on June 24, 2020, and in relevant part admitted the allegation, based "[o]n information and belief," that Lion "was responsible for construction of Michener Lofts." Doc. 5 ¶ 10.

26.    Lion also admitted that it was a Pennsylvania company with its principal place of business at 2301 Washington Avenue, Suite 111, Philadelphia, PA 19146.

6

27.    Counsel for SJ Lofts accepted service of the summons and the Complaint on July 20, 2020. Doc. 7 (Proof of Service).

28.    The Court scheduled a Rule 16 conference of the parties, with notice mailed to SJ Lofts as an unrepresented party, on November 19, 2020. Doc. 10.

29.    Counsel for FHRC and counsel for Lion prepared a Joint Report of Rule 26(f) Meeting that was filed on November 25, 2020. Doc. 11.

30.    Also on November 25, 2020, the Court entered an order rescheduling the Rule 16 conference from December 3, 2020, to December 10, 2020. Doc. 12.

31.    On December 7, 2020, counsel for Lion moved to withdraw on grounds that "Lion no longer operates" and has no "cash flow or assets" with which to compensate their attorneys. Doc. 13.

32.    Counsel for Lion reiterated at the December 10, 2020 Rule 16 Conference that Lion has ceased operations and seemed unable to compensate its attorneys.

33.    The Court entered a scheduling order on December 11, 2020, stating, among other things, that "[p]arties may add or drop claims or parties until **January 4, 2021** without leave of Court." Doc. 14 ¶ 7 (emphasis in original).

7

34.    Records filed with and publicly available from the Pennsylvania Department of State ("DOS") indicate that Lion has filed a subsistence certificate with DOS and maintains "Active" status as a Pennsylvania company.

35.    Records filed with and publicly available from DOS indicate that Streamline Construction has filed a subsistence certificate with DOS and maintains "Active" status as a Pennsylvania company.

36.    Records filed with and publicly available from DOS indicate that Streamline Management has filed a subsistence certificate with DOS and maintains "Active" status as a Pennsylvania company.

## FACTS

37.    The Michener Lofts building contains 44 apartments and a common area for residential use.

38.    The building that houses Michener Lofts is 5 stories high, and all stories are served by an elevator.

39.    Construction of Michener Lofts was completed on or after May 24, 2018.

40.    In or around September 2018, FHRC sent a tester to Michener Lofts to assess both the accessibility of its apartments to people with

disabilities and the compliance Michener Lofts with the design and construction requirements of the FHA.

41.    During this September 2018 visit, the FHRC tester identified various violations of FHA requirements for accessible design and construction, as set forth in the Final Fair Housing Accessibility Guidelines ("FFHAG") promulgated by the U.S. Department of Housing and Urban Development ("HUD"). 56 Fed. Reg. 9472, (Mar. 6, 1991), available at https://www.hud.gov/sites/dfiles/FHEO/documents/1991FH%20Accessibility%20Guidelines.pdf.

42.    For instance, the tester determined that the thermostat in a surveyed unit was located 55 inches above the floor rather than the maximum of 48 inches permitted. *See* 28 C.F.R. 100.205(c)(3)(ii); 56 Fed. Reg. at 9490.

43.    The tester also determined that the door from the Michener Lofts common area to the balcony is 23 inches wide, which does not comply with the FFHAG and is too narrow for use by people who use wheelchairs. *See* 56 Fed. Reg. at 9487.

44.    Similarly, the tester found there was insufficient clear floor space outside the swing of the door in the bathroom of the surveyed unit,

such that a person using a wheelchair might be unable to access the bathroom, in violation of the FFHAG. *See id.* at 9493.

45.    Additionally, the tester determined that electrical outlets in the Michener Lofts common area were lower than the permitted minimum height of 15 inches, as set forth in the FFHAG. *See id.* at 9506.

46.    By failing to provide accessible and adaptable features for people with physical disabilities at Michener Lofts, Defendants have made dwellings unavailable to people with physical disabilities, in violation of 42 U.S.C. § 3604(f)(1).

47.    By failing to provide accessible and adaptable features for people with physical disabilities at Michener Lofts, Defendants have discriminated against people with disabilities in the terms, conditions or privileges of the rental of dwellings, in violation of 42 U.S.C. § 3604(f)(2).

48.    FHRC has been directly and substantially injured by Defendants' violations of the FHA, because FHRC has been caused to expend considerable funds and resources in terms of staff time, salaries, travel and incidental expenses in conducting a site visit, engage in investigatory activities and conducting educational activities related to identifying and counteracting Defendants' violations of the FHA, which have unlawfully denied housing opportunities to people with disabilities.

10

49.    FHRC expended organization funds and resources, in terms of staff time, salaries, travel and incidental expenses, to conduct testing of Michener Lofts.

50.    FHRC expended additional staff time consulting with Disability Rights Pennsylvania regarding Defendants' violations of the FHA and assisting Disability Rights Pennsylvania, since in or before March 2019, with activities relating to efforts to resolve Defendants' violations of the FHA.

51.    Defendants' violations of the FHA have impaired and frustrated FHRC's mission of eradicating discrimination against people with disabilities in housing and ensuring that people with disabilities have equal access to housing, because FHRC has been required as a result of those violations to alter its operations and divert its resources from other important organizational operations to seeking redress for Defendants' unlawful and discriminatory conduct.

52.    To identify, investigate and counteract Defendants' unlawful and discriminatory conduct, FHRC has diverted resources that it would otherwise use to carry out various important programs and services, including but not limited to: educating the public about fair housing rights and requirements; educating and working with landlords and industry

11

groups on fair housing compliance; conducting testing of rea estate professionals for compliance with fair housing requirements; and eliminating discriminatory housing practices based not only on ability but also race, gender and family status.

53.    Until Defendants remedy their unlawful, discriminatory actions, such actions will continue to injure FHRC by, among other things:

    a.  Requiring the expenditure of scarce resources, including substantial staff time, expenses and funding, on continued efforts to remedy Defendants' discriminatory conduct by means such as additional investigation, carrying out educational activities and pursuing the instant litigation, all of which will divert resources from FHRC's other activities and services;

    b. Requiring expenditure of scarce resources, including substantial staff time, expenses and funding, to counteract Defendants' violations by providing education about legal requirements regarding accessible housing for people with disabilities, thus diverting resources from FHRC's other activities and services;

    c. Impairing FHRC's efforts and programs meant to bring about equality of opportunity in housing by requiring FHRC to

dedicate significant resources to counteracting Defendants' violations rather than using such resources to further other programs or activities of FHRC; and

d. Frustrating FHRC's mission and purpose of promoting the equal availability of housing to all persons without regard to any protected category, including disability.

54.    Defendants' unlawful and discriminatory conduct will also deprive individuals to whom FHRC provides services, as well as others living in and near Michener Lofts, of the benefit of living in a diverse community that includes people who have disabilities and who use wheelchairs.

### CLAIM FOR VIOLATIONS OF THE FHA, 42 U.S.C. § 3604(f)

55.    FHRC incorporates by reference the foregoing paragraphs 1 through 54 as though fully set forth herein.

56.    Congress enacted the FHA design and construction accessibility requirements in 1988 as part of a comprehensive revision of the FHA to prohibit discrimination based on disability.

57.    These revisions included, in response to congressional findings regarding the impact of architectural barriers on people with disabilities, a mandate in the FHA of specific design and construction requirements for

covered "multifamily dwellings" built for first occupancy after March 13, 1991. 42 U.S.C. § 3604(f)(3)(C).

58.    A covered multifamily dwelling is any building with four or more units that is served by one or more elevators. *Id.* § 3604(f)(7).

59.    Common areas and all dwelling units within a covered multifamily dwelling must comply with the FHA design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) and implementing regulations.

60.    Congress delegated to HUD the authority to promulgate regulations to implement these design and construction requirements. *See* 24 C.F.R. § 100.205.

61.    The relevant requirements are set out in the FFHAG. *See generally* 56 Fed. Reg. 9472.

62.    Michener Lofts consists of residential apartment units that are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

63.    Michener Lofts is a "covered multifamily dwelling" subject to FHA design and construction requirements in 42 U.S.C. § 3604(f)(3)(C), 24 C.F.R. § 100.205 and the FFHAG.

14

64. Public and common use areas of, and each unit in, Michener Lofts must comply with applicable FHA design and construction requirements.

65. Defendants, together and separately, have failed to design and/or construct Michener Lofts in such a way that all premises would contain usable bathrooms in which a wheelchair could maneuver, in violation of 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § 100.205(c)(3)(iv).

66. Defendants, together and separately, have failed to design and/or construct Michener Lofts so that all premises contain environmental controls and electrical outlets in accessible locations, in violation of 42 U.S.C. § 3604(f)(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii).

67. Defendants, together and separately, have failed to design and/or construct Michener Lofts so that the public and common use portions of the premises are readily accessible to and usable by people with disabilities, in violation of 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. § 100.205(c)(1).

68. Defendants, together and separately, have failed to design and construct Michener Lofts so that all doors into and within the premises are

sufficiently wide to allow passage by people using wheelchairs, in violation of 42 U.S.C. § 3604(f)(3)(C)(ii) and 24 C.F.R. § 100.205(c)(2).

69.    Through the actions and inactions described above, Defendants, together and separately, have:

a.  Discriminated in the sale of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities, in violation of 42 U.S.C. § 3604(f)(1);

b.  Discriminated against persons because of their disabilities in the terms, conditions or privileges of sale of a dwelling, or in the provision of services or facilities in connection with the sale of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

c.  Failed to design and construct covered multifamily dwellings in compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Fair Housing Rights Center in Southeastern Pennsylvania respectfully requests that the Court grant it the following relief:

(1) Enter a declaratory judgment that the foregoing acts, policies and practices of Defendants violate the FHA, 42 U.S.C. § 3604(f)(1), (f)(2) and (f)(3)(C), and the applicable regulations;

(2) Enter a permanent injunction to enjoin Defendants and their officers, directors, employees, agents, successors, assigns and/or all other persons in active concert or participation with any of them to

    (A)   Bring the covered dwelling units and the public and common use areas at Michener Lofts into compliance with 42 U.S.C. § 3604(f)(3)(C) and applicable regulations; and to comply with procedures for inspection and certification of such corrections as may be ordered by the Court; and to allow such other acts as may be necessary to effectuate any judgment of the Court against Defendants, or any of them,

    (B)   In the future, design and construct any covered multifamily dwellings in compliance with 42 U.S.C. § 3604(f)(3)(C) and applicable regulations, and

    (C)   Take such steps as will eliminate, to the fullest extent practicable, the lingering effects of Defendants' unlawful housing practices;

(3) Award such monetary damages as will fully compensate FHRC for its injuries incurred as a result of Defendants' discriminatory housing practices and conduct alleged;

(4) Award such punitive damages against Defendants as appropriate under law to punish Defendants for their malicious and recklessly indifferent conduct alleged herein and to effectively deter similar conduct in the future, pursuant to 42 U.S.C. § 3613(c)(1)(A);

(5) Award reasonable attorney's fees and costs in accordance with 42 U.S.C. § 3612(c)(2); and

(6) Order such other relief as the Court deems just and proper.

Respectfully Submitted,

Dated: December 17, 2020

/s/ Laura E. Caravello
Laura E. Caravello
Attorney I.D. No. 312091
Disability Rights Pennsylvania
429 Fourth Avenue
Suite 701
Pittsburgh, PA 15219-1505
(412) 391-5225
LCaravello@disabilityrightspa.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing First Amended Complaint was filed with the Court's ECF system

on December 17, 2020, and available for viewing by the following:

Zachary Silverstein, Esquire
David F. McComb, Esquire
Zarwin Baum, DeVito, Kaplan, Schaer & Toddy, P.C.
2005 Market Street, 16th Floor
Philadelphia, PA 19103
zsilverstein@zarwin.com
dfmccomb@zarwin.com


/s/ Laura Caravello
Laura Caravello