IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FAIR HOUSING RIGHTS CENTER IN SOUTHEASTERN PENNSYLVANIA,**<br>Plaintiff,<br>v.<br>**SJ LOFTS, LLC, et. al.,**<br>Defendants. | CIVIL ACTION NO. 20-2412 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                     **July 7, 2021**

Plaintiff Fair Housing Rights Center in Southeastern Pennsylvania ("FHRC") alleges that Defendants Streamline Commercial Construction LLC d/b/a Streamline Philly Construction LLC, and Streamline Construction Management Limited Liability Company (collectively the "Streamline Entities"); SJ Lofts; Lion Construction LLC; and Michael Stillwell violated and continue to violate the design and construction requirements of the Fair Housing Act ("FHA"),[1] thereby discriminating against people with disabilities.[2] Defendants Stillwell and the Streamline Entities have moved to dismiss FHRC's Amended Complaint. For the reasons discussed below, Defendants' motion will be granted in part and denied in part.

---

[1] Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988. 42 U.S.C. §§ 3601–3619.

[2] SJ Lofts has not made an appearance in this litigation; Lion Construction has filed an answer.

I. **BACKGROUND**

A. Factual Allegations[3]

FHRC is a non-profit agency that works to ensure that persons with disabilities are provided equal access to housing opportunities. As part of this mission, FHRC investigates claims of discrimination and monitors discriminatory housing practices and trends in Southeastern Pennsylvania.[4] For example, FHRC will send "testers" to visit buildings and inspect the premises to ensure a newly constructed building complies with the FHA's design and accessibility requirements.[5]

FHRC alleges that Defendants developed and constructed the Michener Lofts, a residential apartment building in Philadelphia, in violation of the FHA. The Michener Lofts has 44 apartments and was constructed in 2018. Defendant SJ Lofts is the owner of the building and both Lion and the Streamline Entities are identified as contractors of record on permits associated with the construction of the building.[6]

---

[3] Unless otherwise stated, the factual background is drawn from the Amended Complaint [Doc. No. 17] and assumed to be true for purposes of the motion to dismiss.

[4] It is well settled that the FHRC has standing to bring this lawsuit. "The Supreme Court specifically held that a fair housing group, like the FHRC, has standing to sue if the discriminatory practices it is challenging have impaired its ability to carry out its mission." *Fair Housing Rights Center in Southeastern Pennsylvania v. Post Goldtex GP, LLC*, 823 F.3d 209, n.5 (3d Cir. 2016) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378–79 (1982)); *see also Alexander v. Riga*, 208 F.3d 419, 427 n. 4 (3d Cir. 2000). The Amended Complaint alleges that Defendants engaged in discriminatory housing practices, and that FHRC's mission to eradicate housing discrimination has been frustrated because it has had to divert resources in order to investigate and prosecute the alleged discriminatory practices in this case. "These allegations are sufficient to establish standing. And, as the Third Circuit has held, the allegation of discrimination is itself the harm." *Goldtex*, 823 F.3d at n.5.

[5] 42 U.S.C. § 3604(f)(3)(C).

[6] *See* Am. Compl. [Doc. No. 17] ¶¶ 16, 18–20; *see also* Administrative Permit No. 879837 (May 24, 2018), https://li.phila.gov/#details?entity=permits&eid=879837&key=487262,15362 840&address=1617+poplar+street (last visited June 30, 2021); City of Phila., L&I Property History for Michener Lofts, New Construction Permit No. 651814 (Dec. 16, 2015), https://li.phila.gov/#details?entity=permits&eid=651814&key=487262,15362 840&address=1617+poplar+street (last visited June 20, 2021).

FHRC alleges that Lion and the Streamline Entities share a principal place of business at 2301 Washington Avenue in Philadelphia.[7] Defendant Michael Stillwell is the co-founder and chief executive officer of the Streamline Entities and is the only known owner and operator of Lion. FHRC contends that Stillwell uses these companies interchangeably and transfers funds between them in a way to avoid liability from suit.

FHRC sent a tester to the Michener Lofts to assess both the accessibility of the apartments to people with disabilities and whether the building was constructed and designed in compliance with the requirements of the FHA. FHRC alleges the tester identified four FHA violations for accessible design and construction.[8] Those violations include:

1. the thermostat in a surveyed unit was located 55 inches above the floor rather than the maximum of 48 inches permitted.[9]
2. the door from the common area to the balcony is 23 inches wide, which is too narrow for use by people with wheelchairs.[10]
3. the clear floor space outside the swing of the door in the bathroom of the surveyed unit was constructed in such a way that a person using a wheelchair might be unable to access the bathroom.[11]

---

[7] Am. Compl. [Doc. No. 17] ¶¶ 16–20, n.1.

[8] As set forth in the Final Fair Housing Accessibility Guidelines ("FFHAG") promulgated by the United States Department of Housing and Urban Development ("HUD"). 42 U.S.C. §3604(f)(3)(C); *see also* 56 Fed. Reg. 9472, (Mar. 6, 1991), https://www.hud.gov/sites/dfiles/FHEO/documents/1991FH%20Accessibility%20Guidelines.pdf.

[9] *See* 28 C.F.R. 100.205(c)(3)(ii); 56 Fed. Reg. at 9490.

[10] *See* 56 Fed. Reg. at 9487

[11] *See id.* at 9493.

    4. the electrical outlets in the common area were lower than the permitted minimum height of 15 inches, as set forth in the FFHAG.[12]

FHRC claims that the various design and construction deficiencies at the Michener Lofts render the building unavailable to people with physical disabilities in violation of 42 U.S.C. § 3604(f)(2).

  B. <u>Procedural History</u>

On May 22, 2020, FHRC filed its original complaint against SJ Lofts and Lion. In its initial answer, Lion stated that it was responsible for the construction of Michener Lofts, but asserted that Lion was no longer in operation.[13] On January 4, 2021, Plaintiff filed an Amended Complaint, asserting the same claims, but adding the Streamline Entities and Stillwell as Defendants. FHRC seeks declaratory and injunctive relief, as well as monetary damages to remedy the Defendants' alleged unlawful conduct. Defendant Lion Construction has filed an answer to Plaintiff's Amended Complaint and Defendants Stillwell and the Streamline Entities have moved to dismiss.

**II. LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] The question is not whether the plaintiff ultimately will prevail but

---

[12] *See id.* at 9506.

[13] Am. Compl. [Doc. No. 17] ¶¶ 29–36.

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

whether the complaint is "sufficient to cross the federal court's threshold."[15] In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[16] However, the Court disregards "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."[17]

### III. DISCUSSION

#### A. The Streamline Entities

The Streamline Entities argue that FHRC's Amended Complaint fails to state the "who, what, when, why, and how" as to the Streamline Entities' involvement in the construction of Michener Lofts.[18]

The FHA prohibits discrimination "against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap."[19] A defendant violates the FHA if it fails, in the design or construction, to ensure that a multifamily dwelling built for first occupancy after March 13, 1990, is designed and built to certain standards.[20]

---

[15] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citations omitted).

[16] *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

[17] *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012).

[18] Mot. to Dismiss [Doc. No. 22] at 6–7.

[19] 42 U.S.C § 3604(f)(2).

[20] "Multifamily dwellings" covered by the FHAA are defined as "(A) buildings consisting of 4 or more units if such buildings have elevators; and (B) the ground floor units in other buildings consisting of 4 or more units." 42 U.S.C. § 3604(f)(7).

The FHA does not specifically identify who can be held liable for design and construction violations. Without an express limitation and in combination with the broad remedial purpose of the FHA, courts have generally taken an expansive view when determining who can be liable for design and construction claims.[21] Under this broad interpretation, "[w]hen a group of entities enters into the design and construction of a covered dwelling, all participants in the process as a whole are bound to follow the [FHA]."[22] In accordance with that principle, "claims against owners, builders, developer, contractors, architects, engineers, and others" are permitted.[23]

The Michener Lofts is a multifamily dwelling built for first occupancy after March 13, 1990, and therefore the construction of the building is subject to the FHA's accessibility requirements.[24] FHRC has identified four specific accessible design and construction violations at the Michener lofts and has alleged sufficient facts to show that the Streamline Entities were involved in the building's construction.[25] The level of involvement in the construction of this building and whether the Streamline Entities are responsible for the construction deficiencies

---

[21] *Miami Valley Fair Housing Center, Inc. v. Preferred Living Real Estate Investments, LLC*, No. 15-2737, 2018 WL 4690790, at *11 (S.D. OH. Sept. 28, 2018).

[22] *Baltimore Neighborhoods, Inc. v. Rommel Builders Inc.*, 3 F. Supp. 2d 661, 662, 664–65 (D. Md. 1998).

[23] *See, e.g., Memphis Ctr. For Indep. Living v. R. & M. Grant Co.*, No. 01-2069, 2004 WL 6340158, at * 1 (W.D. Tenn. June 29, 2004) (claims against engineers); *Eastern Paralyzed Veterans Ass'n v. Lazarus-Burman Associates*, 133 F. Supp. 2d 203, 205 (E.D.N.Y. 2001) (claims against builder of prefabricated units designed and constructed by another defendant); *United States v. Days Inns of Am., Inc.*, 997 F. Supp. 1080, 1083 (C.D. Ill. 1998) (stating that liability encompasses architects, builders, and planners).

[24] *See* 42 U.S.C. § 3601 *et seq.*; *see also* 24 C.F.R. § 100.205 (design and construction requirements).

[25] Streamline Mot. to Dismiss [Doc. No. 22] at 6; City of Phila., L&I Property History for Michener Lofts, New Construction Permit No. 651814 (Dec. 16, 2015), available at https://li.phila.gov/#details?entity=permits&eid=651814&key=487262,15362 840&address=1617+poplar+street (last visited June 20, 2021)

cannot be determined without a developed factual record. Defendants' motion to dismiss as to the Streamline Entities is denied.

## B. Defendant Michael Stillwell

The Amended Complaint attempts to hold Stillwell liable for the alleged actions of his contracting companies—Lion and the Streamline Entities. Stillwell argues that he cannot be held individually liable for the acts attributable to his business entities because even if his companies can be held liable for the alleged design and construction violations, an individual cannot be vicariously liable.

The FHA "imposes liability without fault upon the employer in accordance with traditional agency principles, *i.e.,* it normally imposes vicarious liability upon the corporation but not upon its officers or owners."[26] For Plaintiff to make Stillwell a viable defendant, there must be some other showing that his individual actions somehow gives rise to liability.[27] FHRC has not so alleged; instead, the allegations against Stillwell are derived solely from his position as an owner and director of Lion and the Streamline Entities. Therefore, to the extent the Amended Complaint attempts to hold Stillwell either vicariously liable or individually liable for the alleged wrongdoing of Lion or the Streamline Entities, FHRC's claims fail.

The Amended Complaint also attempts to impute alter-ego liability to Stillwell individually by piercing the corporate veil. "A court may pierce the corporate veil when equity requires it to prevent fraud, illegality or injustice."[28] "It has been held that the corporate veil is

---

[26] *Meyer v. Holley*, 537 U.S. 280, 282 (2003).

[27] *Id.* at 283–84.

[28] *Sereda v. Center City Acquisitions*, 222 A.3d 1161, 1169 (Pa. Super Ct. 2019).

properly pierced whenever one in control of a corporation uses that control or corporate assets to further one's own personal interests."[29] The Amended Complaint contains only conclusory allegations that Stillwell used Lion and the Streamline Entities in an inappropriate manner and to further his own personal interest. The claims against Stillwell will be dismissed without prejudice and Plaintiff may seek leave to amend if discovery reveals facts supporting Stillwell's individual involvement or that support imputing liability to him by piercing the corporate veil.[30]

IV. CONCLUSION

FHRC has pled a plausible claim against both Defendant Streamline Entities and Michael Stillwell. Their motion to dismiss is granted in part and denied in part. An order will be entered.

---

[29] *Power Line Packaging, Inc. v. Hermes Calgon/THG Acquisition LLC*, 2017 WL 90617, at *8 (Pa. Super Ct. Jan. 10, 2017).

[30] *See Commonwealth v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1035 (Pa. 2018) (dismissing parent companies without prejudice from a lawsuit where their involvement would only be necessary in the event that plaintiff obtained a judgment against the subsidiary facilities that the facilities could not satisfy, i.e., piercing the corporate veil would be necessary.); *Sereda*, 222 A.3d at 1168–70 (discussing the level of involvement necessary to make out a successful claim under the alter-ego theory and participation liable of a company director).